**ROBERT HARRIS v. CHARLES McCULLEN and ELIZABETH, his Wife, Executors of Elisha Dickerson.**

Court of Common Pleas. Sussex. November 26, 1802.

*Rodney's Notes.*

*Vandyke, Horsey* [for plaintiff]. *Bayard, Wilson* [for defendants].

Declaration for services rendered, for services of a Negro, and for articles delivered to E. Dickerson in his lifetime. Book of Robert Harris to establish his account.

William Dickerson. In 1788 or 1789 I worked at Dickerson's. Harris was away on his business, came home, attended the store

---

[1] Blank in manuscript.

and worked at the carpenter's business with me. I [saw] Harris there in May 1788 or 1789.

Dixon Harris. I saw Robert Harris at Dickerson's in his employ. He went from there to Virginia on New Mill Creek, got shingles there and stripped them for E. D. Sold goods also. I went two or three trips in the vessel. Robert Harris had a negro man of his own employed in the swamp getting shingles for E. D., called Sharp. He went in the schooner *Hetty* as a hand. R. H. lived with E. D., and some four or five months after went to Virginia. Lived there five or six years, has resided there till within three or four weeks past. E. D. married H.'s sister.

Cross-examined. Negro Titus, Stepney, Brislot, Dinah, Ely, Pepin were sent by Dickerson to Harris and employed in swamp by Harris. He was here about nine years ago at my father's. Three or four weeks in the county. Saw him two or three years after. L. belonged to Dickerson. Dunham considered the schooner was employed by Dickerson, stopped on her return at Dickerson and took a load of plank to Virginia usually.

Peter Hall. I lived in 1788 with E. D. Stayed there two or three years. R. H. was there until he went to Virginia and took goods there as an agent of E. Dickerson. Were two or three trunks of goods. Don't know what amount Negroes were sent. D. had a schooner called the *Dolphin* and *Hetty*. Captain Coffin and Dunham, and S. Sally were in the trade. Their cargoes were sold for Dickerson's use. Two Negroes, Brislot and Dinah, came back soon after.

From August 15, 1790, to April, 1794, the account extends.

John Betts. After Harris went away I delivered some shingles to E. Dickerson, 4750 were at $6, $2 for carting.

Bartholomew Johnson. I paid Dickerson $12 for Harris.

William Freeman. I lived with Dickerson as a clerk in 1793 or 1794. Harris wanted to settle with Dickerson. Said the accounts were larger than he expected, and he thought Harris was in his debt. I drew a copy of Harris's accounts for Dickerson. I always understood from Dickerson that Harris was carrying on business for him. Dickerson gave me £40 per year.

Letters from E. Dickerson to Robert Harris from August, 1789; second, June 5, 1790; third, April 1, 1791; fourth, April 26, 1791; [fifth,] May 3, 1791; [sixth,] June 13, 1791; [seventh,] March 10, 1792; [eighth,] October 5, 1793; [ninth,] July 3, 1795.

Dixen Harris. My brother has not been here since Dickerson's death, to my knowledge.

William Harris. R. Harris has resided in Virginia for ten years. In 1795 was there till 1800. I saw him here, when the mill was raised not since till Fall, 1800.

*Wilson* for defendant. E. Dickerson died October 24, 1796. Accounts exhibited £1837.18.4. G. to Dickerson. Harris's charges £1645.1.8. £192.16.8. balance in Dickerson's favor by the accounts copied by Freeman.

August, 1791. Permit to E. Dickerson to export and sell four Negroes, signed Nathaniel Waples, etc.

November, 1791. Permit to William Harris for Eli, which Dickerson bought of him and sent to R. Harris. Two letters from Robert Harris to E. Dickerson for Negroes, hirelings, etc.

1791. Third letter, for Negroes to sell to the Carolina Pork Drovers.

April 30, 1791. Fourth, for more hands, etc.

October 30, 1793.

*Vandyke.* £397.15.10, we state to be due on the private accounts between Dickerson and Harris as per account stated and probate thereon.

*Bayard* objects to probate not being conformably to Act of Assembly, 1 Del.Laws 421, it not going to the whole of the accounts exhibited in this cause.

*Vandyke.* We contend the magistrate's certificate is sufficient. Second, we do not rely on any part of the accounts but those included in the proved account.

*Bayard.* The Court are not bound by certificate, if it is not in the form prescribed.

PER CURIAM. We are of opinion this probate and account are not sufficient. The plaintiff has exhibited claims to a much larger amount, and should have included them in his proved account.

Whereupon the plaintiffs offered to include the whole of their accounts and make a probate which was considered as made by the plaintiff for argument's sake, and upon argument, the Court were of opinion that it was now too late to amend or make a new probate in this stage of the cause, the evidence having been gone through and counsel for plaintiff applied it. Whereupon an exception was prayed for (by plaintiff's counsel) and allowed.